**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CITY SPORTS, INC.<br><br>                  Debtor.<br><br>Employer's Tax Identification No.:<br>04-2806205 | Chapter 11<br><br>Case No. 15- 12054 (___) |
| In re:<br><br>CITY SPORTS-DC, LLC,<br><br>                  Debtor.<br><br>Employer's Tax Identification No.:<br>04-2806205 | Chapter 11<br><br>Case No. 15- 12056 (___) |

**DEBTORS' MOTION FOR AN ORDER DIRECTING JOINT
ADMINISTRATION OF CASES PURSUANT TO FED. R. BANKR. P. 1015(b)**

City Sports, Inc. and City Sports-DC, LLC, as debtors and debtors in possession in the above-captioned Chapter 11 cases (together, the "Debtors"), hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), providing for the joint administration of the Debtors' separate Chapter 11 cases for procedural purposes only and seeking a waiver of the requirement that the captions in these Chapter 11 cases list the Debtors' tax identification numbers and addresses.  In support of the Motion, the Debtors rely upon, and incorporate by reference, the *Declaration of Andrew W. Almquist in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"), filed with the Court concurrently herewith.  In further support of the Motion, the Debtors, by and through their undersigned proposed counsel, respectfully represent as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and

1334.  This is a core proceeding under 28 U.S.C. § 157(b).

2.      Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are section 342(c)(1) of the title

11 of the United States Code (the "Bankruptcy Code"), rules 1005 and 1015 of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 1015-1 of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "Local Rules").

## BACKGROUND

4.      On the date hereof (the "Petition Date"), the Debtors commenced these

bankruptcy cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under Chapter

11 of the Bankruptcy Code.  The Debtors continue to manage and operate their businesses as

debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5.      No trustee, examiner or official committee of unsecured creditors has been

appointed in these Chapter 11 Cases.

6.      The factual background regarding the Debtors, including their business

operations, their capital and debt structures, and the events leading to the filing of these

bankruptcy cases, is set forth in detail in the First Day Declaration, filed concurrently herewith

and fully incorporated herein by reference.[1]

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

**RELIEF REQUESTED**

7.      By this Motion, the Debtors seek entry of an order directing (i) joint administration of these Chapter 11 Cases for procedural purposes only, and (ii) parties in interest to use a consolidated caption indicating that any pleading they file relates to the jointly administered bankruptcy cases of "City Sports, Inc., *et al.*"

**BASIS FOR RELIEF**

8.      Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order joint administration of the estates of the debtor and such affiliates.  City Sports, Inc. ("City Sports"), is a Delaware corporation that is the direct owner of 100% of the membership interests in City Sport-DC, LLC.  As such, they are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b).  Thus, joint administration of the Debtors' cases is appropriate under Bankruptcy Rule 1015(b).  Further, as the proposed order attached to this Motion is an order relating to the routine administration of a case, it may be entered by the Court in its sole discretion on an *ex parte* basis.  *See* Local Rule 1015-1.

9.      The joint administration of the Debtors' Chapter 11 Cases will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates.  Indeed, the Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these cases will affect both of the Debtors.

10.     Joint administration will also save time and money and avoid duplicative and potentially confusing filings by permitting counsel for all parties in interest to (a) use a single caption on the numerous documents that will be served and filed herein and (b) file the papers in one case rather than in both cases.  Joint administration will also protect parties in interest by

ensuring that parties in each of the Debtors' respective Chapter 11 Cases will be apprised of the various matters before the Court in these cases.  Finally, joint administration will ease the burden on the office of the United States Trustee in supervising these bankruptcy cases.

11.     The rights of the respective creditors and stakeholders of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights.  Each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right.

12.     Pursuant to section 342(c)(1) of the Bankruptcy Code, "[i]f notice is required to be given by the debtor to a creditor . . . such notice shall contain the name, address, and last four digits of the taxpayer identification number of the debtor."  11 U.S.C. § 342(c)(1).  In furtherance of the foregoing, the Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be as follows:

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CITY SPORTS, INC., *et al.*, | Case No. 15- 12054 (___) |
| Debtors.[1] | (Jointly Administered) |

13.     The Debtors submit that use of this simplified caption will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  City Sports, Inc.. (6205); and City Sports-DC, LLC (6205).  The mailing address for the Debtors, solely for purposes of notices and communications, is:  77 N. Washington Street, Boston, MA 02114.

14.     In addition, the Debtors request that the Court make separate docket entry on the

docket City Sports-DC, LLC, substantially as follows:

> An order has been entered in this case consolidating this case with
> the case of City Sports, Inc., Case No. 15- [ 12054  ] ([____]), for
> procedural purposes only and providing for its joint administration
> in accordance with the terms thereof.  The docket in Case No. 15-
> [ 12056  ] ([____]) should be consulted for all matters affecting this
> case.

15.     It would be far more practical and expedient for the administration of these

Chapter 11 Cases if the Court were to authorize their joint administration.  The Debtors envision

that many of the motions, hearings, and other matters involved in these Chapter 11 Cases will

affect all of the Debtors.  Consequently, joint administration will reduce costs and facilitate a

more efficient administrative process, unencumbered by the procedural problems otherwise

attendant to the administration of separate, albeit related, Chapter 11 Cases.

16.     For these reasons, the Debtors submit that the relief requested herein is in the best

interest of the Debtors, their estates, creditors, stakeholders and other parties in interest and,

therefore, should be granted.

**NOTICE**

17.     No trustee, examiner or official committee of unsecured creditors has been

appointed in these Chapter 11 Cases.  Notice of this Motion has been given to:  (i) the Office of

the United States Trustee for the District of Delaware; (ii) counsel to Wells Fargo Bank, NA, as

the administrative agent under the Debtors' prepetition credit facility; (iii) the parties included on

the Debtors' consolidated list of thirty (30) largest unsecured creditors; (iv) the Internal Revenue

Service; and (v) the United States Attorney for the District of Delaware.  As this Motion is

seeking first-day relief, notice of this Motion and any order entered hereon will be served on all

parties required by Local Rule 9013-1(m).  In light of the nature of the relief requested herein,

the Debtors respectfully submit that no further notice of this Motion is required.

**NO PRIOR REQUEST**

18.     No previous request for the relief sought in this Motion has been made to this

Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order,

substantially in the form annexed hereto, granting the relief requested in the Motion and such

other and further relief as may be just and proper.

Dated:  October 5, 2015
Wilmington, Delaware

Respectfully submitted,

**DLA PIPER LLP (US)**

*/s/ Kaitlin M. Edelman*
Kaitlin M. Edelman (DE 5924)
1201 North Market Street, Suite 2100
Wilmington, Delaware  19801
Telephone:  (302) 468-5700
Facsimile:   (302) 394-2341
Email:  kaitlin.edelman@dlapiper.com

-and-

Gregg M. Galardi (DE 2991; NY 4535506)
Dienna Corrado (*pro hac vice admission pending*)
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 335-4500
Facsimile:  (212) 335-4501
Email:  gregg.galardi@dlapiper.com
          dienna.corrado@dlapiper.com

*Proposed Counsel to Debtors and
Debtors in Possession*