**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CITY SPORTS, INC., *et al.*,<br><br>                       Debtors.[1] | Chapter 11<br><br>Case No. 15- 12054  (___)<br><br>(Joint Administration Requested) |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER**
**AUTHORIZING EMPLOYMENT AND RETENTION OF**
**RUST CONSULTING/OMNI BANKRUPTCY AS CLAIMS AND**
**NOTICING AGENT, *NUNC PRO TUNC* TO THE PETITION DATE**

City Sports, Inc. and City Sports-DC, LLC, as debtors and debtors in possession in the

above-captioned cases (collectively, the "Debtors") hereby submit this application (the

"Application for entry of an order substantially in the form attached hereto as Exhibit A (the

"Retention Order") granting authorization to employ and retain Rust Consulting/Omni

Bankruptcy ("Rust/Omni") as the official claims and noticing agent (the "Claims and Noticing

Agent") in the Debtors' chapter 11 cases, effective *nunc pro tunc* to the Petition Date.  The terms

of Rust/Omni's retention are set forth in the engagement agreement, dated as of October 2, 2015,

between Rust/Omni and the Debtors (the "Engagement Agreement");[2] *provided, however*, that

Rust/Omni is seeking approval solely of the terms and provisions of the Engagement Agreement

as set forth in 28 U.S.C. § 156(c) and the proposed Retention Order.  In the event there is any

inconsistency between the Application, the Retention Order, and the Engagement Agreement, the

Debtors respectfully request that the Retention Order govern.  In support of this Application, the

Debtors rely on and incorporate by reference the *Declaration of Andrew W. Almquist in Support*

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  City Sports, Inc.. (6205); and City Sports-DC, LLC (6205).  The mailing address for the Debtors, solely for purposes of notices and communications, is:  77 N. Washington Street, Boston, MA 02114.
[2] The Engagement Agreement appears as Exhibit B to this Application.

*of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed concurrently with this Application.[3]  In further support of this Application, the Debtors submit the *Declaration of Paul H. Deutch in Support of the Debtors' Application for Entry of an Order Authorizing Employment and Retention of Rust Consulting/Omni Bankruptcy as Claims and Noticing Agent, Nunc Pro Tunc to the Petition Date* (the "Claims Agent Declaration").[4]

## JURISDICTION & VENUE

1.      This Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334 and venue is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding under 28 U.S.C. § 157(b).

## BACKGROUND

2.      On the date hereof (the "Petition Date"), the Debtors commenced these bankruptcy cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  The Debtors continue to manage and operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.      No trustee, examiner or official committee of unsecured creditors has been appointed in these Chapter 11 Cases.  Concurrently with the filing of this Motion, the debtors filed a motion requesting joint administration of these Chapter 11 Cases.

4.      The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of these Chapter 11 Cases, is set forth in detail in the First Day Declaration, filed concurrently herewith and fully incorporated herein by reference.

---

[3] Capitalized terms not otherwise defined in this Application have the meanings used in the First Day Declaration.
[4] The Claims Agent Declaration appears as Exhibit C to this Application.

**RELIEF REQUESTED**

5.      By this Application, the Debtors respectfully request entry of the Retention Order, substantially in the form attached hereto as Exhibit A, under 28 U.S.C. § 156(c), Bankruptcy Code section 105(a), and Local Rule 2002-1(f), authorizing the employment and retention of Rust/Omni as Claims and Noticing Agent in the Debtors' Chapter 11 Cases, effective *nunc pro tunc* to the Petition Date.

6.      If it becomes necessary, the Debtors will seek by separate application authorization to retain and employ Rust/Omni as an administrative advisor in these chapter 11 cases under Bankruptcy Code section 327(a), as the administration of these chapter 11 cases will require Rust/Omni to perform duties outside the scope of 28 U.S.C. § 156(c).

**BASIS FOR RELIEF REQUESTED**

**I.   FACTS SPECIFIC TO RELIEF REQUESTED**

**A.      Rust/Omni's Qualifications**

7.      Rust/Omni is a leading provider of administrative support services whose professional team has experience in both the legal and administrative aspects of large, complex chapter 11 cases.  Rust/Omni's professionals have experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases, including in matters of this size and complexity.  Rust/Omni's professionals have acted as official claims and noticing agent in many large bankruptcy cases in this District and in other districts nationwide, including:  *In re Phoenix Payment Systems*, Case No. 14-11848 (Bankr. D. Del. Aug. 4, 2014); *In re Gridway Energy Holdings, et al.*, Case No. 14-10833 (Bankr. D. Del. Apr. 10, 2014); *In re Restora Healthcare Holdings, LLC, et al.*, Case No. 14-10367 (Bankr. D. Del. Feb. 24, 2014); *In re First Mariner Bancorp*, Case No. 14-11952 (Bankr. D. Md. Feb. 10, 2014); *In re HDOS Enterprises*, Case No. 14-12028 (Bankr. C.D. Cal. Feb. 3, 2014); *In re FAH*

*Liquidating Corp., et al.*, Case No. 13-13087 (Bankr. D. Del. Nov. 22, 2013); *In re SGK Ventures, LLC*, Case No. 13-37603 (Bankr. N.D. Ill. Sep. 24, 2013).

8.    Retaining Rust/Omni as Claims and Noticing Agent will expedite the distribution of notices and the processing of claims, facilitate other administrative aspects of these chapter 11 cases, and relieve the Office of the Clerk of the Bankruptcy Court (the "Clerk") of these administrative burdens.

**B.    Services to be Provided**

9.    By this Application, the Debtors seek to retain Rust/Omni as their Claims and Noticing Agent, under the Engagement Agreement, to provide, to the extent requested by the Debtors, the following bankruptcy administration services (the "Claims and Noticing Services"), including:

a)    Prepare and serve required notices and documents in these chapter 11 cases in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure in the form and manner directed by the Debtors and/or the Court, including:  (i) notice of the commencement of these chapter 11 cases, (ii) notice of any claims bar date, (iii) notices of transfers of claims (if any), (iv) notices of objections to claims and objections to transfers of claims (if any), (v) notices of any hearings on a disclosure statement and confirmation of the Debtors' Plan, including under Federal Rule of Bankruptcy Procedure 3017(d), (vi) notice of the effective date of the Plan, and (vii) all other notices, orders, pleadings, publications, and other documents as the Debtors or Court may deem necessary or appropriate for an orderly administration of these chapter 11 cases;

b)    Maintain an official copy of the Debtors' schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules"), listing the Debtors' known creditors and the amounts owed, if requested;

c)    Maintain (i) a list of all potential creditors, equity holders, and any parties in interest and (ii) a "core" mailing list consisting of all parties described in Federal Rule of Bankruptcy Procedure 2002(i), (j), and (k) and those parties that have filed a notice of appearance under Federal Rule of Bankruptcy Procedure 9010; update and make those lists available upon request by any party in interest or the Clerk;

d)  Furnish a notice to all potential creditors of the last date for filing proofs of claim and a form for filing a proof of claim, after such notice and form are approved by the Court, and notify potential creditors of the existence, amount, and classification of their respective claims as set forth in the Schedules, which Rust/Omni can carry out by including such information (or the lack thereof, in cases where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

e)  For *all* notices, motions, orders, or other pleadings or documents served, prepare and file or cause to be filed with the Clerk an affidavit or certificate of service within seven business days of service that includes: (i) either a copy of the notice served or the docket number(s) and title(s) of the pleading(s) served, (ii) an alphabetical list of persons to whom it was mailed with their addresses, (iii) the manner of service, and (iv) the date served;

f)  Process any proofs of claim received, including those received by the Clerk, check processing for accuracy, and maintain the original proofs of claim in a secure area;

g)  Maintain the official claims register (if any) for each Debtor (collectively, the "Claims Registers") on behalf of the Clerk; provide the Clerk, upon the Clerk's request, with certified, duplicate unofficial Claims Registers; and specify in the Claims Registers the following information for each claim docketed:  (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, (iv) the amount asserted, (v) the asserted classification(s) of the claim (*e.g.*, secured, unsecured, priority), (vi) the applicable Debtor, and (vii) any disposition of the claim;

h)  Implement necessary security measures to ensure the completeness and integrity of the Claims Registers and the safekeeping of the original claims;

i)  Record any transfers of claims and provide any notices of such transfers as required by Federal Rule of Bankruptcy Procedure 3001(e);

j)  Relocate, by messenger or overnight delivery, any court-filed proofs of claim to Rust/Omni's offices, not less than weekly;

k)  Upon completion of the docketing process for any claims received to date for each case, provide to the Clerk copies of the Claims Registers for the Clerk's review (upon the Clerk's request);

l)  Monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on or changes to the Claims Register (if any) and any service or

mailing lists, including the identification and elimination of duplicative names and addresses from such lists;

m)    Identify and correct any incomplete or incorrect addresses in any mailing or service lists;

n)    Assist in the dissemination of information to the public and respond to requests for administrative information on these chapter 11 cases as directed by the Debtors or the Court, including through a case website or call center;

o)    If these chapter 11 cases are converted to cases under chapter 7 of the Bankruptcy Code, contact the Clerk's office within three days of notice to Rust/Omni of entry of the order converting the cases;

p)    Thirty days before the close of these chapter 11 cases, to the extent practicable, request that the Debtors submit to the Court a proposed order dismissing Rust/Omni as Claims and Noticing Agent and terminating its services in such capacity upon completion of its duties and responsibilities and upon the closing of these chapter 11 cases;

q)    Within seven days of notice to Rust/Omni of entry of an order closing these chapter 11 cases, provide to the Court the final version of the Claims Registers as of the date immediately before the close of these chapter 11 cases; and

r)    At the close of these chapter 11 cases, box and transport all original documents, in proper format, as provided by the Clerk's office, to (i) the Federal Archives Record Administration, located at Central Plains Region, 200 Space Center Drive, Lee's Summit, MO 64064 or (ii) any other location requested by the Clerk's office.

10.    The Claims Registers shall be open to the public for examination without charge during regular business hours and on a case-specific website maintained by Rust/Omni.

11.    Rust/Omni may not employ any past or present employee of the Debtors for work that involves the Debtors' chapter 11 cases.

## C.    Professional Compensation

12.    The Debtors respectfully request that the undisputed fees and expenses incurred by Rust/Omni in the performance of the above services be treated as administrative expenses of the Debtors' chapter 11 estates under 28 U.S.C. § 156(c) and Bankruptcy Code

section 503(b)(1)(A) and be paid in the ordinary course of business without further application to or order of the Court.  Rust/Omni agrees to maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and to serve monthly invoices on: (i) the Debtors; (ii) the Office of the United States Trustee; (iii) counsel to the Debtors; (iv) counsel for any official committee monitoring the expenses of the Debtors; and (v) any party in interest that specifically requests service of the monthly invoices.  If any dispute arises relating to the Engagement Agreement or monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute; if they are unable to achieve resolution on their own, the parties may seek the Court's intervention.

13.     Prior to the Petition Date, the Debtors provided Rust/Omni a $5,000 retainer. Rust/Omni seeks to hold any amounts in the retainer under the Engagement Agreement as of the Petition Date during these chapter 11 cases as security for the payment of fees and expenses incurred under the Engagement Agreement.

**D.     Representation of Disinterestedness**

14.     Although the Debtors do not propose by this Application to employ Rust/Omni under Bankruptcy Code section 327 (such retention, for Rust/Omni's proposed services as administrative agent will be sought by separate application), Rust/Omni has nonetheless reviewed its electronic database to determine whether it has any relationships with the Debtors' creditors and other parties in interest identified by the Debtors.  To the best of the Debtors' knowledge, information, and belief, and except as disclosed in the Claims Agent Declaration, Rust/Omni has represented that it neither holds nor represents any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed.

15.     Moreover, in connection with its retention as Claims and Noticing Agent,

Rust/Omni represents in the Claims Agent Declaration, among other things, that:

a)     Rust/Omni is not a creditor of the Debtors;

b)     Rust/Omni will not consider itself employed by the United States government and will not seek any compensation from the United States government in its capacity as Claims and Noticing Agent in these chapter 11 cases;

c)     By accepting employment in these chapter 11 cases, Rust/Omni waives any rights to receive compensation from the United States government in connection with these chapter 11 cases;

d)     In its capacity as Claims and Noticing Agent in these chapter 11 cases, Rust/Omni will not be an agent of the United States and will not act on behalf of the United States;

e)     Rust/Omni will not employ any past or present employees of the Debtors in connection with its work as Claims and Noticing Agent in these chapter 11 cases;

f)     Rust/Omni is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14) for the matters on which it is engaged;

g)     In its capacity as Claims and Noticing Agent in these chapter 11 cases, Rust/Omni will not intentionally misrepresent any fact to any person;

h)     Rust/Omni's receipt and recordation of claims (if any) and claim transfers will fall under the supervision and control of the Clerk's office;

i)     Rust/Omni will comply with all requests of the Clerk's office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

j)     The Clerk's office will bear none of none of the costs of Rust/Omni's services as Claims and Noticing Agent in these chapter 11 cases.

Rust/Omni will supplement its disclosure to the Court if any facts or circumstances are

discovered that would require additional disclosure.

**E.     Compliance with Claims Agent Protocol**

16.     The Debtors represent that this Application complies with the "Protocol for the

Employment of Claims and Noticing Agents under 28 U.S.C. § 156(c)," dated February 1, 2012,

and instituted by the Clerk (the "Claims Agent Protocol"), and that it substantially conforms to the standard section 156(c) application in use in this Court.

## II.  LEGAL BASIS FOR RELIEF REQUESTED

**A.      Retention and Employment of Rust/Omni as Claims and Noticing Agent is Permitted.**

17.      Under 28 U.S.C. § 156(c), Bankruptcy Code section 105(a), Local Rule 2002-1(f), and the Claims Agent Protocol, the Debtors are permitted to retain and employ Rust/Omni as Claims and Noticing Agent in these chapter 11 cases in order for Rust/Omni to assume full responsibility for the distribution of notices and other administrative aspects of the Debtors' chapter 11 cases.

18.      The authority to employ the services of a claims and noticing agent is found in 28 U.S.C. § 156:

> Any court may utilize facilities or services, either on or off the court's premises, which pertain to the provision of notices, dockets, calendars, and other administrative information to parties in cases filed under the provisions of title 11, United States Code, where the costs of such facilities or services are paid for out of the assets of the estate and are not charged to the United States.  The utilization of such facilities or services shall be subject to such conditions and limitations as the pertinent circuit council may prescribe.

28 U.S.C. § 156(c).

19.      Bankruptcy Code section 105 also provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by any party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

20.     And Local Rule 2002-1(f) provides:

> Upon motion of the debtor or trustee, at any time without notice or
> hearing, the Court may authorize the retention of a notice and/or
> claims clerk under 28 U.S.C. § 156(c).  In all cases with more than
> 200 creditors or parties in interest listed on the creditor matrix,
> unless the Court orders otherwise, the debtor shall file such motion
> on the first day of the case or within seven (7) days thereafter.  The
> notice and/or claims clerk shall comply with the Protocol for the
> Employment of Claims and Noticing Agents under 28 U.S.C. §
> 156(c) (which can be found on the Court's website) and shall
> perform the Claims and Noticing Services.

Del. Bankr. L.R. 2002-1(f).

21.     The Debtors anticipate that these chapter 11 cases will require approximately 300

entities to be noticed.  In view of that large number and the complexity of the Debtors'

businesses, the Debtors submit that the employment and retention of a claims and noticing agent

is both required by Local Rule 2002-1(f) and in the best interests of the Debtors' estates and

creditors.  Relieved of the burdens associated with the Claims and Noticing Services, the Debtors

will be able to devote their full attention and resources to maximizing value for their

stakeholders and facilitating the orderly administration of these chapter 11 cases.

22.     In accordance with the Claims Agent Protocol, prior to the selection of Rust/Omni

as Claims and Noticing Agent, the Debtors reviewed and compared engagement proposals from

four other court-approved claims and noticing agents, including Rust/Omni, to ensure a

competitive process.  Upon receiving the initial proposals, the Debtors requested each firm to

improve its bid.  The Debtors submit, based on the engagement proposals obtained and reviewed,

that Rust/Omni's rates are competitive and reasonable given the quality of services and expertise

Rust/Omni provides.  Although the terms of Rust/Omni's employment and retention are set forth

in the Engagement Agreement, Rust/Omni is seeking approval solely of the terms and provisions

as set forth in this Application and the Retention Order.  In the event of any inconsistency

between the Engagement Agreement, the Application, and the Order, the Order governs.

**B.**     *Nunc Pro Tunc* **Relief Is Appropriate**

23.     In accordance with the Debtors' request, Rust/Omni has agreed to serve as Claims

and Noticing Agent on and after the Petition Date with assurances that the Debtors would seek

approval of its employment and retention, effective *nunc pro tunc* to the Petition Date, so that

Rust/Omni can be compensated for services rendered before approval of this Application.  The

Debtors believe that no party in interest will be prejudiced by the granting of the *nunc pro tunc*

employment, as proposed in this Application, because Rust/Omni has provided and continues to

provide valuable services to the Debtors' estates in the interim period.  Courts in this District

have routinely approved *nunc pro tunc* employment in chapter 11 cases.[5]

24.     Accordingly, the Debtors respectfully request entry of the Retention Order

authorizing the Debtors to retain and employ Rust/Omni as Claims and Noticing Agent, effective

*nunc pro tunc* to the Petition Date.

## NOTICE

25.     No trustee, examiner or official committee of unsecured creditors has been

appointed in these Chapter 11 Cases.  Notice of this Application has been given to:  (i) the Office

of the United States Trustee for the District of Delaware; (ii) counsel to Wells Fargo Bank, NA,

as the administrative agent under the Debtors' prepetition credit facility; (iii) the parties included

on the Debtors' consolidated list of thirty (30) largest unsecured creditors; (iv) the Internal

---

[5] *See, e.g.*, *In re Cal Dive International Inc., et al*, Case No. 15-10458 (CSS) (Bankr. D. Del. Mar. 6, 2015) (D.I. 58); *In re The Wet Seal, Inc., et al.*, Case No. 15-10081 (CSS) (Bankr. D. Del. Jan. 20, 2015) (D.I. 93); *In re Endeavour Operating Corporation, et al.*, Case No. 14-12308 (KJC) (Bankr. D. Del. Nov. 6, 2014) (D.I. 152); *In re AmCad Holdings, LLC, et al.*, Case No. 14-12168 (MFW) (Bankr. D. Del. Sept. 23, 2014) (D.I. 29); *In re Source Home Ent'mt, LLC, et al.*, Case No. 14-11553 (KG) (Bankr. D. Del. July 18, 2014) (D.I. 141); *In re The Dolan Co.*, *et al.*, Case No. 14-10614 (BLS) (Bankr. D. Del. Mar. 23, 2014) (D.I. 71); *In re Event Rentals, Inc., et al.*, Case No. 14-10282 (PJW) (Bankr. D. Del. Feb. 19, 2014) (D.I. 61).

Revenue Service; and (v) the United States Attorney for the District of Delaware.  As this

Motion is seeking first-day relief, notice of this Motion and any order entered hereon will be

served on all parties required by Local Rule 9013-1(m).  In light of the nature of the relief

requested herein, the Debtors respectfully submit that no further notice of this Motion is

required.

## NO PRIOR APPLICATION

26.     The Debtors have not made any prior application for the relief sought in this

Application to this Court or any other.

## CONCLUSION

The Debtors respectfully request entry of an order granting the relief requested and any

other relief as is just and proper.

Dated: October [ 5 ], 2015
    Boston, MA

CITY SPORTS, INC. AND
CITY SPORTS-DC, LLC

By: _____
    Andrew W. Almquist
    Chief Financial Officer