## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:                                     )        Chapter 11
                                           )
CITY SPORTS, INC., *et al.*,               )        Case No. 15-12054 (KG)
                                           )        (Jointly Administered)
                        Debtors.           )
_____           )        **Re: D.I. No. 847**

## OPINION ON MOTION FOR VACATUR

The Commonwealth of Massachusetts (the "Commonwealth") has filed a Motion for Vacatur (the "Motion") (D.I. 847), asking the Court to vacate its August 4, 2016 Opinion and Order (D.I. 794 and 795).  The Commonwealth had submitted a claim on behalf of Massachusetts consumers who held Debtors' unredeemed gift cards.  The issue in the matter was whether the claim for gift cards was a priority claim or an unsecured claim.  The Court ruled in the Opinion and Order that the Commonwealth's claim was a general unsecured claim.

On September 8, 2016,[1] the Commonwealth filed a Motion for Reconsideration of the Court's Order Granting the Debtors' Objection to the Commonwealth of Massachusetts's Proof of Claim's Claim (the "Motion for Reconsideration").  D.I. 818. The Debtors have filed their objection to the Motion for Reconsideration.  D.I. 849.  The Commonwealth then filed the Motion on October 25, 2016, to which the Debtors have objected.  D.I. 866.

---

[1] The Commonwealth requested and the Court granted additional time to file an appeal. D.I. 801 and D.I. 803.

The basis for the Motion is that Debtors' estates do not have funds for distribution to priority creditors. The Commonwealth therefore argues that the Motion for Reconsideration is moot because if the Court now reverses itself on the Motion for Reconsideration or if an appellate court reverses the Opinion and finds that the gift card claims are entitled to priority status, there could be no payment for the gift cards.[2] This "fact" became evident on September 29, 2016 when Debtors filed the Notice of Distribution to Holders of Allowed 503(b)(9) claims and represented that after distributions to other claimants "no other funds would be available for Administrative Expenses, Priority or 503(b)(9) claims." D.I. 841. The Commonwealth thus argues that Debtors' inability to pay the claims they represent renders the Motion for Reconsideration moot and thereby warranting vacatur of the Opinion and Order.

## DISCUSSION[3]

The Court is going to deny the Motion. In bankruptcy, courts are frequently asked to rule on an issue by a creditor who later receives little or even nothing on its claim. Bankruptcy cases are like that and every creditor knows that the motion or

---

[2] The Court noted this possibility in the Opinion, page 2. There, the Court stated:

> The issue raised by the Commonwealth is important and the Court will decide it. The Court notes, however, that it may be a purely academic issue because it appears that the Debtors may be close to administrative insolvency. If so, there may not be enough to pay the Claim, even were the Court to grant the claim priority status.

[3] In their objection to the Motion for Reconsideration, Debtors argue that the Commonwealth is late in its filing and cites as authority for the 14 day limit Fed. R. Bankr. P. 9023. The Court will not address the timing issue.

objection it files may not result in a recovery on its claim.  The resulting recovery does not dictate whether the court's decision is or is not vacated.

Here, the Commonwealth seeks vacatur of the Opinion and Order because, as it turns out, there are no funds available for priority claimants which is the class the Commonwealth seeks for the gift cards.  The Commonwealth seeks vacatur because, in its view, the effort to review the Opinion and Order has been frustrated through the "vagaries of circumstances," namely, the lack of funds.  The Commonwealth argues that it is not equitable to force it to acquiesce in a situation beyond its control.  Finally, the Commonwealth argues that the Court should not decide that the case remains justiciable under the "capable of repetition, yet evading review" exception to mootness.

Federal appellate courts clearly have power to dispose of a case pending appeal that no longer meets the case – or – controversy requirement for justiciability.  *U.S. Bancorp Mtge. Co. v. Bonner Mall*, 513 U.S. 18, 21 (1994) ("if a judgment has become moot [while awaiting review], this Court may not consider its merits, but may make such disposition of the whole case as justice may require") (internal quotations and citations omitted).  Vacatur is an equitable and extraordinary remedy.  *Id.* at 25-26.  Thus, vacatur is not an automatic right.  *Khodora Environ., Inc. v. Beckman*, 237 F. 3d 186, 194 (3d Cir. 2001).

Appellate courts have express authority to vacate a judgment.  28 U.S.C. § 2106 (the "Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate . . . any judgment, decree, or order of a court . . . .).  The power of a trial court to

vacate its own judgment or order arises from Federal Rule of Civil Procedure 60(b)(5) or (6), made applicable by Bankruptcy Rule 9024, which provides the trial court with authority to "relieve a party or its legal representative from a final judgment, order, or proceeding . . . ."  Indeed, courts have observed that trial courts enjoy greater discretion in reviewing their own decisions than do appellate courts reviewing the same.  *See, e.g., Am. Games, Inc. v. Trade Prods., Inc.*, 142 F. 3d 1164, 1170 (9th Cir. 1998).

The Commonwealth argues that:

1.      Factual developments mean the court can no longer grant effective relief, the case is therefore moot and the Court has no jurisdiction to issue a binding decision. The Commonwealth cites *Arizonans for Official English v. Arizona*, 520 U.S. 43 (1997) for the foregoing proposition.

2.      If "vagaries of circumstances" occur during the appeal thereby making it impossible to grant relief, the case is moot and the appellate court is divested of jurisdiction.  *U.S. Bancorp Mtge Co. v. Bonner Mall*, 513 U.S. 18, 25 (1994).

3.      Since no funds remain to pay creditors with priority claims, the issues the Commonwealth raises in its Motion for Reconsideration are moot.

4.      Vacatur is an equitable remedy that is available to remedy situations of mootness by happenstance, i.e., not situations which become moot because of the deliberate action of the party seeking vacatur.  *U.S. Bancorp Mtge. Co.*, 513 U.S. at 29.

5.      A lower court that rendered a decision which is the subject of a motion for vacatur has greater discretion to act, and its authority to act is Federal Rule of Civil

Procedure 60(b)(5) or (6) (made applicable to bankruptcy cases by Bankruptcy Rule 9024).

6.     The present case present a "vagaries of circumstances" situation and, as such, with a moot case vacatur is appropriate.

Despite the Commonwealth's arguments, vacatur is an exceptional remedy and the Court will not grant the relief in the absence of a change of factual circumstances which is not present. *Horne v. Flores*, 557 U.S. 433, 447-48 (2009) (Rule 60(b)(5) enables a party to ask the court to vacate is judgment if there has been a significant change in the facts or the law). In *Vision Metals, Inc. v. SMS Demag, Inc.* (*In re Vision Metals, Inc.*), 311 B.R. 692, 697-98 (Bankr. D. Del. 2004), the court denied the debtor's request to vacate an order which authorized debtor to assume certain agreements. The court found that exceptional circumstances did not exist. The court stated the test as follows: "The basic policy tension in determining whether a final judgment should be set aside revolves around whether the factual or legal circumstances have changed to such an extent that the Court's interest in deciding the case on the merits outweighs its interest in orderly procedures and the finality of judgments," quoting *In re Durkalex*, 21 B.R. 618, 620 (Bankr. E.D. Pa. 1982). *See also Keith Cty. Bank & Trust Co. v. Cannady Supply Co., Inc.* (*In re Cannady Supply Co., Inc.*), 6 B.R. 674, 678 (Bankr. D. Kan. 1980) (denying relief where debtor did not meet its burden to show "new and unforseen conditions and new and unforseen substantial change;" and 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2683 (3d ed. 2016).

The Court is denying vacatur because in the bankruptcy court the case is not moot.  In *Vision Metals*, the court denied the relief to a debtor because it had numerous opportunities to investigate the circumstances giving rise to its vacatur request.  Here, too, the Debtors' financial circumstances were clearly poor and it came as no surprise to the Court that there would be no recovery even were the Commonwealth to have succeeded.  The only change in circumstances is that Debtors have confirmed their inability to pay priority claims.

The Opinion and Order were written with great care on an important issue which arises in many bankruptcy cases.  The Court is mindful that its decision is an important and public one and does not belong to the litigants.  The Commonwealth challenged the Debtors' decision on its claim and brought the matter before the Court. It knew or should have known that Debtors' financial condition made it unlikely at best that Debtors would pay priority claims.   The Commonwealth then moved for reconsideration of the Court's Opinion and Order, again knowing that Debtors' financial situation was precarious.  The only change that occurred between the filings of the Motion for Reconsideration and the Motion is that Debtors have confirmed that they will be unable to pay priority claims.  The Court is unmoved by so little a change.

Instead, the Court is encouraged in its decision to deny the Motion by the decision in *Aetna Cas. and Sur. Co. v. Home Insurance Co.*, 882 F. Supp. 1355 (S.D.N.Y. 1995).  There, the court refused to vacate its opinion in the face of a settlement.  The court stated:

This court considers, however, that the important public interest in the development of decisional law definitely outweighs the settlement interests of the parties here.

*Id.* at 1357.  The court went on to discuss the legal issues which "would be returned to their previous, unresolved state" were it to vacate the opinion.  *Id.* at 1358.  Similarly, the gift card issue which the Court decided in the Opinion and for which the Commonwealth seeks vacatur is an important decision.  It is not binding on other judges, including other judges of the Delaware Bankruptcy Court, but it may provide guidance.

Accordingly, the Motion is denied by the Order to follow.

Dated: January 3, 2017

KEVIN GROSS, U.S.B.J.